Brenton JOHNSON; Elizabeth Johnson; Edward Johnson, Plaintiffs—Appellants,

v.

UPLAND UNIFIED SCHOOL DISTRICT; West End Selpa; Board of Education, of The Upland Unified School District; Loren Sanchez, Superintendent of the Upland Unified School District, Defendants—Appellees.

No. 00–56004.

D.C. No. CV–98–09501–AHM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 2001.

Decided Jan. 8, 2002.

Before B. FLETCHER, D.W. NELSON and McKEOWN, Circuit Judges.

## MEMORANDUM *

Brenton Johnson and his parents appeal the denial of relief under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* The Johnsons contend that they are entitled to reimbursement for Brenton's private assessment and schooling because the Upland Unified School District (the "District") did not comply with the IDEA's requirements. The district court upheld the state's denial of relief. Nothing we have considered warrants reversal of the district court's detailed and carefully-crafted findings. Accordingly, we affirm.

Under the IDEA, federal courts "must give 'due weight' to judgments of education policy," *Seattle Sch. Dist. No. 1 v. B.S.,* 82 F.3d 1493, 1499 (9th Cir.1996)(quoting *Union Sch. Dist. v. Smith,* 15 F.3d 1519, 1519 (9th Cir.1994)), and must give deference to state hearing officer findings, particularly when they are carefully detailed, *Seattle Sch. Dist. No. 1,* 82 F.3d at 1499, or are based on credibility determinations of live witnesses. *Amanda J. ex rel. Annette J. v. Clark County Sch. Dist.,* 267 F.3d 877, 887–89 (9th Cir.2001) (as amended). We review the district court's findings of fact for clear error, and its conclusions of law de novo. *Seattle Sch. Dist. No. 1,* 82 F.3d at 1499. Under the IDEA, the ultimate question of the appropriateness of a placement is reviewed de novo, but the question of whether a student derives benefit from the offered program is reviewed for clear error. *Id.*

Schools are required to identify and evaluate children with disabilities, and an unreasonable delay or failure to do so

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

may result in violation of the statute. *Hacienda La Puente Unified Sch. Dist. of Los Angeles v. Honig,* 976 F.2d 487, 489, 492 (9th Cir.1992). In this case, the District was acting in accordance with a state policy that counsels trying less drastic intervention before placing children in special education programs. Cal. Educ.Code § 56303. State education policy weighs heavily in IDEA determinations. *Rowley,* 458 U.S. at 206–07, 102 S.Ct. 3034. Under the circumstances here, the timing of the District's provision of special education did not operate to deny Brenton a free appropriate public education.

We also agree with the state hearing officer and the district court that the District provided Brenton with a program that met the substantive requirements of a free appropriate public education. The IDEA guarantees a "basic floor of opportunity," not a "potential-maximizing" education. *Seattle Sch. Dist. No. 1,* 82 F.3d at 1500 (quoting *Smith,* 15 F.3d at 1524). Here, we defer to the state hearing officer and the district court, both of which found that Brenton's placement allowed him to make steady academic progress and provided for his unique emotional needs.

Finally, we hold that the record supports the district court and state hearing officer's conclusions that the District had satisfied its obligation to meet Brenton's emotional needs by its repeated offers of counseling. The hearing officer determined that Brenton's counselor was "unpersuasive" when he opined that Brenton could not go to public school. The district court properly accorded this determination, based on live testimony, due weight. *Amanda J.,* 267 F.3d at 889.

Because Brenton was not denied a free appropriate public education, the Johnsons are not entitled to reimbursement for his diagnosis and private education. *Capistrano Unified Sch. Dist. v. Wartenberg,* 59 F.3d 884, 895 (1995).

AFFIRMED.